## Preston Sargent, Appellant, v. M. H. Mundy, Administrator, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Wabash county; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Petition was filed by Preston Sargent in the County Court in the estate of James Sargent, deceased, then in due course of administration, alleging that he was a son and heir at law of the deceased; that M. H. Mundy, the defendant, was the administrator; that his report as administrator falsely showed the payment by petitioner to the administrator of $985, and the payment by the administrator of a like sum to the petitioner; that the petitioner was not indebted to his father at the time of his death in any sum, and that he did not pay said sum or any other sum to said administrator; that the administrator did not pay said sum to petitioner or any other sum as shown by said report; that the administrator falsely and wrongfully obtained said receipt from petitioner, which purports on its face to be for $985. Petitioner prayed for a citation against the administrator to strike such item from his report, and for the withdrawal of such receipt. A trial in the County Court resulted in a finding for petitioner, which was reversed on an appeal to the Circuit Court, from which an appeal was taken.

The facts were that James Sargent, a man about eighty-two years of age, a wife eighty-five years of age, a son, appellant, sixty-three years of age, and an adopted son, constituted the family and heirs at law of James Sargent, now deceased; that James Sargent was confined to his bed with sickness, an invalid, and

very hard of hearing; that during that time he sold his home for $2,000 and from the proceeds paid $1,000 to his wife, and $985 to the appellant, Preston Sargent. The day before the transfer the petitioner went to the home of his father and solicited the payment to him from the husband and wife of a part of the funds which was paid for this property. James Sargent had but little property, and he and his wife were old, with but little understanding of business methods. Preston Sargent was not an educated man, but knew that he got out of the sale nearly one-half the funds, but how he obtained it whether as a gift, a loan, or for what purpose, is not satisfactorily shown.

The evidence further showed that about a year after James Sargent's death, the administrator had several conversations with the petitioner concerning the money obtained by him from his father, and that finally the petitioner gave the administrator the receipt in question.

E. B. Green and Theo. G. Risley, for appellant.

Howard P. French, for appellee; M. H. Mundy, *pro se.*

Mr. Justice Harris delivered the opinion of the court.

## Abstract of the Decision.

1. Executors and administrators, § 532a*—*when citation lies to strike item from administrator's report.* A person who is interested in an estate may file a petition for a citation in the County Court, during the pendency of an administration proceeding, to have an item stricken from an administrator's report, improperly charging him with an indebtedness to the estate or the receipt of money therefrom.

2. Appeal and error, § 1078*—*when appellee must assign cross-errors.* An appellee who does not assign cross-errors on the re-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fusal of a court to dismiss a proceeding for want of jurisdiction cannot question such ruling on appeal.

3. GIFTS, § 29*—*when evidence sufficient to show gift.* Where a son of an aged parent solicited and obtained a portion of the money received by the parent from the sale of a home, *held* that the evidence did not show that it was a gift.

4. EXECUTORS AND ADMINISTRATORS, § 355*—*when receipt from heir not fraudulently obtained.* A receipt obtained by an administrator from an heir for money received by the latter from his father shortly before his death, *held* not obtained by fraud, and to be based on a sufficient consideration.